UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH CHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01257-NCC |
| | ) | |
| KAREN MAY BACDAYAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Keith Chan, a self-represented litigant, brings this action against Karen May Bacdayan, Kevin C. McClanahan, and Re/Max. (ECF No. 1). Chan also moves for leave to proceed *in forma pauperis*. (ECF No. 2). Because Chan is unable to pay the costs associated with this action, the Court grants the motion and waives the filing fee. Nevertheless, for the reasons set forth below, the Court dismisses this action without prejudice.

### I.    Background

Chan filed this civil action in August 2025. (ECF No. 1). The one-page complaint alleges that the defendants "conspired together" and "forged the record" to deprive Chan of due process regarding the ownership of his apartment. *Id.*

Chan mailed his complaint from Brooklyn, New York. (ECF No. 1-1). He identifies Re/Max as the current owner of his apartment. (ECF No. 1). He provides no information about McClanahan or Bacdayan. *Id.*

Chan invokes the Racketeer Influenced and Corrupt Organizations (RICO) Act as the basis for jurisdiction. *Id.* He seeks $1 billion in damages. *Id.*

## II.     Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has facial plausibility only when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    Discussion

The Court dismisses Chan's complaint for several reasons.

### A.      Subject Matter Jurisdiction

Federal courts have "an independent obligation to determine whether subject matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Chan's claims—comprised of only five lines of text—are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Hagans v. Lavine*, 415 U.S. 528, 543 (1974).

Further, the Court lacks diversity jurisdiction over any potential state-law claims. Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity of citizenship," meaning "no defendant holds citizenship in the same state as any plaintiff." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Although Chan provides a New York address, he fails to allege the citizenship of the defendants. Because Chan bears the burden of establishing jurisdiction and has failed to do so, the Court cannot exercise diversity jurisdiction. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

### B.    Failure to State a Claim

Even if the Court had jurisdiction, the complaint fails to state a plausible claim for relief. First, Chan's due process claim fails because the named defendants are private actors. The Due Process Clause of the Fourteenth Amendment "excludes from its reach merely private conduct, however discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up). Chan alleges no state action.

Second, Chan's RICO claim consists of nothing more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Chan's sparse allegations of "forged records" provide no factual content regarding a RICO enterprise or a pattern of racketeering activity. These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009).

### C.    Venue

Venue is also improper in this District. Under 28 U.S.C. § 1391(b), a civil action must generally be brought in a judicial district where a defendant resides or where a substantial part of the events occurred. Chan resides in New York, and the apartment at the center of this dispute is presumably in New York. There is no indication that any defendant resides in Missouri or that any relevant events occurred in this District.

## IV.    Conclusion

While the Court ordinarily provides litigants with the opportunity to explain why the Court should not dismiss for lack of subject matter jurisdiction, the Court finds that such an order would be futile here. Given the total absence of factual allegations, the lack of state action, and the complete lack of connection to this District, Chan cannot cure the defects in his complaint. For the

3

foregoing reasons, the Court grants Chan's motion to proceed *in forma pauperis* and dismisses this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Chan's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 19th day of March, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4